**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNA M. LLORA,
Plaintiff-Appellant,

v.                                                          No. 96-1552

H. K. RESEARCH CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, District Judge.
(CA-93-15-5-MU)

Submitted: October 14, 1997

Decided: October 29, 1997

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Oma H. Hester, Jr., OMA H. HESTER, JR., P.C., Hickory, North
Carolina, for Appellant. E. Murray Tate, Jr., Vanessa Barlow Haw-
kins, TATE, YOUNG, MORPHIS, BACH & TAYLOR, L.L.P.,
Hickory, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anna M. Llora appeals the district court's orders awarding her attorney's fees as a prevailing party in a civil action brought under the Fair Labor Standards Act ("the Act"), 29 U.S.C.A. §§ 201-219 (West 1978 & 1985 & Supp. 1997), and denying her Fed. R. Civ. P. 59(e) motion to amend the fee order. The district court did not use the approved lodestar method to calculate the amount of award and did not provide a detailed explanation of those factors considered in making the award; therefore, we find that the district court abused its discretion. Accordingly, we vacate and remand the order awarding attorney's fees.

In the underlying suit, Llora alleged that as a means of retaliation, her employers discriminated against her with respect to the payment of her salary and the rate of compensation for her annual bonuses, and discharged her from her employment.[1] The jury found in Llora's favor only on the claims challenging the payment of salary and annual bonuses. The district court entered judgment for Llora for a total amount of $4061.22 and awarded her attorney's fees in the amount of $1353.74.

As a successful party under the Act, Llora is entitled to an award of reasonable attorney's fees.[2] Although the amount of the award rests within the sound discretion of the trial court, [3] the calculation of the amount of the award must be done on a principled basis clearly explained by the court.[4] The Supreme Court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multi-

_____

[1] Llora filed a previous lawsuit against her employers for overtime compensation; it was settled prior to trial.
[2] **See** 29 U.S.C.A. § 216(b).
[3] **See Burnley v. Short**, 730 F.2d 136, 141 (4th Cir. 1984).
[4] **See Hensley v. Eckerhart**, 461 U.S. 424, 437-40 (1983).

2

plied by a reasonable hourly rate."**5**  This calculation, the "lodestar" fee, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."**6**

The Supreme Court has "adopted the lodestar approach as the centerpiece of attorney's fee awards."**7**  In Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir. 1992), factually similar to the present case, we followed the reasoning in Blanchard to hold that the district court abused its discretion by awarding attorney's fees based on a customary contingent-fee arrangement rather than using the lodestar approach.**8**

Llora's counsel submitted his affidavit, schedule of activities, and incurred expenses**9** as proof that he expended 94.42 hours in this case at his customary hourly rate of $90 per hour. However, the district court did not follow Lyle and multiply the two to yield the lodestar fee of $8497.80 (94.42 x $90). Rather, the district court awarded attorney's fees in the amount of $1353.74 (one-third of the amount of the judgment award), without any factual findings or explanation other than stating, "[a]ttorney fee awards are to bear a reasonable relation to the results in the case."

We find that it was an abuse of discretion for the district court to award attorney's fees that equaled one-third of the judgment award without adequately explaining its reasoning for failing to use the lodestar amount. We therefore vacate the award as to its amount only, and remand to the district court for further proceedings consistent with Lyle. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____

**5 Id.** at 433.
**6 Id.**
**7 Blanchard v. Bergeron**, 489 U.S. 87, 94 (1989).

**8 See Lyle**, 954 F.2d at 988 (contingent-fee approach is inappropriate under the Fair Labor Standards Act)

**9** Llora's counsel separately itemized her expenses, totaling $650.79.

3